UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>vs.<br><br>SAMMY JOE SOUTH,<br><br>         Defendant. | Case No. 2:13-cv-01854-RCJ-CWH<br><br>**ORDER** |

      This matter is before the Court on Plaintiff's Motion for Service by Publication (#16), filed December 3, 2013.

      Plaintiff filed its complaint against several defendants on October 10, 2013. (#1). Summons were issued on October 15, 2013. (#11). On November 19, 2013, Plaintiff voluntarily dismissed all defendants except Defendant Sammy Joe South. (#15). Shortly thereafter, Plaintiff filed this motion seeking an order permitting service of Defendant South by publication. Plaintiff represents that it has made "several attempts to personally serve" Defendant South. These attempts included hiring a third-party to ascertain Defendant's whereabouts and attempt service. Plaintiff also attempted to send correspondence to Defendant at his last known address, but the correspondence was returned as "undeliverable."

**DISCUSSION**

      Federal Rule of Civil Procedure 4(e)(1) provides for service upon individuals by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id*.[1] In Nevada, Rule 4 of the

---

[1] The rule also permits personal service, leaving a copy of the complaint and summons at the individual's dwelling or place of usual abode with someone of suitable age or discretion, and service to an agent or an agent authorized by appointment or law. Fed. R. Civ. P. 4(e)(2).

Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible, NRCP 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons."

A party seeking service by publication must seek leave of court by filing an affidavit demonstrating due diligence in attempting to personally serve the defendant. In evaluating due diligence, courts look to several factors. *See Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994). There is no "objective, formulaic standard" for determining due diligence, but the Nevada Supreme Court has characterized the analysis as one measured by the quality of service efforts. *Abreu*, 985 P.2d at 749 ("Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for determining what is, or what is not, due diligence. The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.").

The Court has reviewed the record and finds that Plaintiff has demonstrated due diligence in its effort to serve Defendant South. The retained third-party process server made diligent efforts to verify Defendant's residence and to locate Defendant for service, including consulting with the public record, speaking with several residents located near Defendant's last known address, and making multiple attempts at service. Consequently, the request to serve by publication will be granted.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Service by Publication (#16) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall mail a copy of the summons and complaint to Defendant Sammy Joe South at Defendant's P.O. Box 244, Amargosa Valley, Nevada, 89020 address.

DATED: December 26, 2013.

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**